## City of York v. Reynolds

*Fred B. Gerber*, for petitioner.
*Robert S. Frey*, for respondent.

NILES, P. J., February 3, 1936.—The City of York, upon petition, was granted a writ of alternative mandamus for delivery to it by William H. Reynolds, former city treasurer, of the tax duplicates for taxes remaining uncollected at the end of his term, to wit, the first Mon-

day of January 1936. An answer was filed by William H. Reynolds. The facts are not in dispute.

William H. Reynolds was duly elected City Treasurer of the City of York, a city of the third class, for the term of four years beginning the first Monday of January 1932, and he duly qualified for the office. His successor, Ralph B. Sitler, was duly elected city treasurer for the term of four years beginning the first Monday of January 1936, and he duly qualified for said office and is performing the duties of said office of city treasurer. The city tax accounts of the said William H. Reynolds, the outgoing city treasurer, have been adjusted and balanced to the satisfaction of the said Ralph B. Sitler, incoming city treasurer, and the City of York. William H. Reynolds has in his possession the unsatisfied city tax duplicates (being for the years 1933, 1934, and 1935) and refuses to surrender them to his successor in office, notwithstanding demand upon him by the City of York that he do so. The defendant excuses his failure to make such surrender by asserting a right to collect said taxes for and during the space of one year immediately following the first Monday of January 1936. The position of the City of York is that the defendant has no such right, and consequently he should be required to turn over said duplicates.

When Reynolds began his four-year term as city treasurer on the first Monday of January 1932, his duties and compensation were outlined by The Third Class City Law of June 23, 1931, P. L. 932. Section 2556 fixed his compensation as tax collector of city, school, and poor taxes on a percentage basis. This section was amended April 27, 1933, P. L. 91, to put treasurers as such tax collectors upon an annual salary, excepting those in office, whose commission shall "be and remain as now provided by law." The amendment says: "Thereafter the said tax collector shall be paid an annual salary". This amendment further provides: "The city treasurer, upon the

expiration of his term of office, shall surrender the unsatisfied tax duplicate or duplicates in his possession to his successor in office, who shall collect the unpaid taxes charged therein and settle the duplicate or duplicates as provided by law." The solicitor for the city construes this to mean that the collector in office in 1933 may be compelled to surrender the duplicates in his hands at the end of his four-year term, and be deprived of the right, which was his under the law when he took office, to collect and retain his commissions on unpaid taxes for 1935. This does not seem reasonable. The term of the collector in office at the date of this amendment must include, regarding collections and commissions, the extra period allowed him by existing law, which by clause (a), of section 2567, of The Third Class City Law, supra, was one year after his term as city treasurer. "Thereafter" in the first paragraph of this amendment refers to the provisions regarding the succeeding treasurer, whose compensation is to be an annual salary. Such a salaried treasurer at the end of his term, having no further duty or interest in the unpaid taxes, is evidently the one in contemplation required to surrender the duplicates at the end of his four-year term.

There has been no other amendment of section 2556. At the same legislative session other sections of The Third Class City Law, supra, were amended. Section 2567, "Rights of Treasury After Expiration of Term of Office", as amended by the Act of May 22, 1933, P. L. 927, retains the original provision (a) : "To collect all the delinquent taxes, for the space of one year after the expiration of his term of office; and, for this purpose, all warrants issued to him during his term of office shall be effective to him, as collector of taxes, for the space of one year after the expiration of his term as city treasurer". This second Act of 1933, supra, leaving (a) of section 2567 unchanged, seems wholly consistent with the above-stated construction of the first Act of 1933, supra, which

amends only section 2556, and inconsistent with the supposition of the city solicitor that the legislature intended to take away the right which is recognized as unchanged by the second act. The effect of the two Acts of 1933, supra, so far as they affect collectors then in office, was to leave their rights as fixed by the law when they took office, stipulating that they be allowed to earn their commissions on all taxes collected on the duplicates delivered to them during their term; with the privilege of holding the duplicates, for that purpose, for one year after expiration of the term.

In 1935, another act was passed amending, revising, and consolidating the law relating to cities of the third class: Act of June 21, 1935, P. L. 363. This act, further amending section 2556 of The Third Class City Law as amended by the Act of April 27, 1933, P. L. 91, re-enacts the recognition of the rights claimed by the respondent in the instant case. It says: "The compensation or commission of the said treasurer as collector of city, county, school, and poor taxes shall, during the terms of the tax collectors in office at the time this act takes effect, be and remain as now provided by law. Thereafter the said tax collector shall be paid an annual salary". The "thereafter" refers to a treasurer not in office at the time of the change in method of compensation. Such a succeeding treasurer is the one referred to at the end of the amendment of section 2556 in the Act of 1935, who is required upon expiration of his term of office to surrender the duplicates to his successor. That it was the legislative intent not to deprive a treasurer such as this respondent of the commissions to which the law entitled him as it stood when he took office, is made certain by the explicit reservation in the Act of 1935:

"This act shall be in force in each city only as to city treasurers elected after the effective date of this act. In the case of city treasurers in office upon the effective date of this act, the laws in force prior to the adoption of this

act shall continue, and for such purpose, the acts repealed by this act shall be deemed to continue in force until this act is in complete operation in all cities of the third class."

The courts are bound in cases of this kind to read the acts together, and avoid a decision that would be unjust or inequitable. In trying to harmonize the Act of 1931, supra, sec. 2567, with the Act of April 27, 1933, P. L. 91, it would be unjust to the respondent to decide that section 2567 of the Act of 1931 was repealed by the Acts of April 27, 1933, P. L. 91, and May 22, 1933, P. L. 927, and to deprive him of his statutory right to collect the delinquent taxes on the duplicates delivered to him; and to have the remuneration due as a result of his election to office denied, when a more just, equitable, and reasonable interpretation is apparent.

Examining The Third Class City Law of 1931, supra, in connection with all of the relevant amendments referred to in this discussion, we are led to the conclusion that in changing the compensation of the city treasurer from a commission to a salary basis the legislature took care to exclude the implication that a treasurer in office in 1933 might be deprived of the right to retain the duplicates delivered to him during his term and for a year thereafter, in order to collect the delinquent taxes therein, and earn the commission allowed by the law as it stood when he took office. We do not decide whether or not the legislature could have done so, legally. We are clearly of opinion that the legislature did not do so.

And now, to wit, February 3, 1936, the prayer of the petition of the City of York, plaintiff, for a mandamus against the defendant, William H. Reynolds, is refused and the rule issued thereon is discharged.

An exception is granted the plaintiff to the court's action in this regard.